In the Matter of the Application of JOSEPH MELTZER for Leave to Issue Execution against the Estate of ISAAC MELTZER, Deceased.

Surrogate's Court, Sullivan County, August 16, 1937.

*Wilzin & Halperin* [*Ellsworth Baker* of counsel], for the petitioner.

*John D. Lyons*, for the executrix, appearing specially.

GARDNER, S. This application was brought on an order to show cause made returnable at a term of the Surrogate's Court appointed to be held at the surrogate's office in the village of Monticello on August 9, 1937. The order to show cause is based on a paper purporting to be a petition but verified as an affidavit.

The executrix appears specially and objects to the hearing of the motion on the ground that there is no Surrogate's Court in session in Sullivan county during August, and upon the further ground that the petition in this case is not verified as required by law.

It appears that in any county where the county judge is also surrogate, the Surrogate's Court may be held at the same time and place at which County Court is held. (Surr. Ct. Act, § 35.)

It also appears that it has been ordered under the terms of County Court for hearing of motions and appeals and other proceedings in civil causes without a jury, that they be held at the judge's chambers on Monday of each week except during the month of August, such rule having been made for the year 1937 by the Sullivan county judge.

It further appears that the term held on the last Monday of July was adjourned to the first Monday in August and again adjourned to the ninth of August, when this motion came on to be heard, with the result that the motion came on at an adjourned term and not at a regular term scheduled for any Monday except July and August.

It further appears that while the paper upon which this motion is brought on is drafted as a petition, it is not verified as a petition should be verified, but is sworn to by the petitioner.

Proceedings in Surrogate's Court shall be commenced by the filing of a petition, which shall be duly verified and the provisions of law relating to verification of pleadings in a civil action in the Supreme Court apply to verification made pursuant to the Surrogate's Court Act. (Surr. Ct. Act, §§ 48, 49, 50.)

Defective pleadings shall be treated the same as unverified pleadings. (Civ. Prac. Act, § 258.)

The form of the affidavit of verification is prescribed by rule 100 of the Rules of Civil Practice, as follows: "Rule 100. Form of affidavit of verification. The affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true. If it be made by a person other than the party, he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party."

It accordingly follows in this case, the motion not being made at a stated term and the petition upon which it is made being defective, that the motion be denied, without costs, with leave to renew at a regular stated term of the Surrogate's Court heretofore designated.

**Submit order.**